UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LISA GOLDSTEIN, : | |
|     *Plaintiff,* : | |
| : | |
| vs. : | C.A. No. 1:16-cv-00237 |
| : | |
| CITY OF NEWPORT, RHODE ISLAND : | |
| By and through its Finance Director, : | |
| LAURA L. SITRIN, CPA : | |
|     *Defendant.* : | |

**PLAINTIFF'S RULE 16(b) SCHEDULING CONFERENCE STATEMENT**

Plaintiff, Lisa Goldstein, submits her Rule 16(b) Scheduling Conference Statement as follows:

**Facts and Liability**

On August 27, 2014, at approximately 8:00 p.m., Ms. Goldstein and her husband were walking in a northerly direction along the sidewalk on the west side of America's Cup Avenue, just south of the Scott Wharf roadway. Tourists, like Ms. Goldstein, frequently use this area when visiting. As Ms. Goldstein was walking, her right foot impacted a section of the sidewalk that was hazardously elevated approximately two inches above the adjacent sidewalk section. In an attempt to catch her balance, Ms. Goldstein's left foot also impacted the uneven condition of the sidewalk, which caused her to violently plunge forward and impact the concrete sidewalk.

The City is obligated to maintain the sidewalk in good repair and free from unsafe conditions. It is clear that the City knew, or should have known, that grossly uneven sidewalks create a dangerous tripping hazard to the general public at large, especially in an area commonly used by tourists. Being aware of this dangerous area, the City attempted to ameliorate the sidewalk by installing a ramp of concrete to even the surface and bring lower the sidewalk section to the lifted edge. Prior to Lisa's incident, the concrete ramp broke apart and was

detached from the elevated sidewalk section. The evidence clearly shows the City's negligence was the direct and proximate cause of Lisa's injuries and resulting damages, including medical bills and severe pain and suffering.

Rhode Island law imposes a duty upon a municipality to repair and maintain sidewalks in a safe condition. Rhode Island General Laws § 24-5-1(a) sets forth, in pertinent part, as follows:

> All highways…lying and being within the bounds of any town, shall be kept in repair…so that the highways…may be safe and convenient for travelers…at the proper charge and expense of the town, under the care and direction of the town council of the town[.]

*Carbone v. Ward,* 56 A.3d 442, 446 (R.I. 2012). This statutory obligation to maintain all highways located within a municipality's borders "extends to sidewalks contiguous thereto." *Id.* (quoting *Town of Lincoln v. State*, 712 A.2d 357, 358 (R.I. 1998)). Furthermore, an injured individual may recover for their losses in cases in which the injury could have been prevented by the exercise of reasonable care. *Carbone*, 56 A.3d at 446; *see also* R.I. Gen. Laws § 24-5-13; R.I. Gen. Laws § 45-15-8. Here, the City was statutorily obligated to maintain the sidewalk along America's Cup Avenue in a reasonably safe condition. Based on the indisputable facts, it is clear that the City was negligent in keeping the sidewalk in a safe condition and is entirely liable for this incident.

### Significance of Injuries

Ms. Goldstein was bleeding profusely from her chin and had bruising on her left wrist and both knees and was transported to and treated at the Newport Hospital Emergency Room. Ms. Goldstein experienced blurred vision, dizziness, and severe pain in her neck and head. She received six to eight internal sutures with exterior dermabound to treat the wound on her chin. Ultimately she received revision surgery for the scarring from Lloyd B. Gayle, M.D., P.C., a plastic surgeon. She retains visible, permanent scarring.

Ms. Goldstein was also given cervical facet injections from Jennifer Solomon, M.D., a board certified physiatrist, for temporary pain relief and was then instructed to undergo a facet joint radiofrequency in February, 2015.  Six trigger point injections were used both in March, 2015 and May, 2015 to help temporarily relieve Ms. Goldstein's pain, but will not rid her of the pain permanently.

Ms. Goldstein also sought treatment from Federico P. Girardi, M.D., for her neck pain.  Dr. Girardi informed Ms. Goldstein that depending on how her radiofrequency evolved, neck surgery may be necessary in order to alleviate her severe and constant pain.  Ms. Goldstein treated with Seth Waldman, M.D. for pain management at the Hospital for Special Surgery and with a physical therapist, Robert Turner.  Dr. Waldman again treated Ms. Goldstein with trigger point injections through September to temporarily relieve her of the pain.

Ms. Goldstein's fall in August, 2014 has tremendously impacted her life and has caused her severe pain and suffering for over a year.  The City's negligence has significantly impacted Ms. Goldstein's quality of life and day-to-day activities.

The City was negligent in failing to keep the sidewalk in a safe condition.  As noted above, Ms. Goldstein incurred extensive injuries to her chin, head, and neck.

There are no unusual legal issues in this case.

                    Plaintiff,
                    Lisa Goldstein,
                    By her Attorney,

                    */s/ Matthew T. Oliverio*
                    Matthew T. Oliverio, Esquire (#3372)
                    OLIVERIO & MARCACCIO LLP
                    55 Dorrance Street, Suite 400
                    Providence, RI  02903
                    (401) 861-2900
                    (401) 861-2922 Fax
Dated:  September 27, 2016        mto@om-rilaw.com

## **CERTIFICATION**

      I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 27th day of September, 2016.

    Melody A. Alger, Esquire
    ALGER LAW LLC
    400 Westminster Street, Suite 401
    Providence, RI  02903
    malger@algerlaw.com

                              */s/ Matthew T. Oliverio*